## Mathewson, Appellant, *v.* Lehigh Valley Coal Company.

Argued March 3, 1947. Before RHODES, P. J., RENO, DITHRICH, ROSS and ARNOLD, JJ. (HIRT, J., absent).

*P. J. O'Connor*, with him *J. Q. Creveling*, for appellant.

*Jonathan C. Valentine*, with him *S. W. Rhoads*, for appellee.

OPINION BY ARNOLD, J., April 16, 1947:

On April 1, 1934, William G. Slocum and three other parties made a lease to The Lehigh Valley Coal Company for some fourteen acres of land in Luzerne County. The lease was for "so long a time as any part of the above described lands shall be used and occupied by [the lessee]." The rental was $60.00 per year, payable at the end of each lease-year. Slocum then owned an undivided one-half interest, the remaining half being owned by the other three lessors. The lease provided for the entry of judgment in an amicable action of ejectment upon breach of any covenant.

The parties covenanted: "The rent . . . shall be paid . . . to the above named William G. Slocum, as Agent for the parties of the first part [lessors] for their use. *In case of the death* . . . of . . . William G. Slocum, the parties of the first part [lessors] shall, in writ-

ing, appoint another agent to whom the said rental shall be paid by the party of the second part [lessee]." "This Indenture shall bind all parties . . . claiming under the parties hereto in whatever character as fully as if they were in every instance herein named." (Emphasis supplied.)

William G. Slocum died May 5, 1944, and at his death there was no rental in default, or due or unpaid. From the date of the lease through to April 1, 1944, the lessee strictly performed all its covenants, including the payment of rentals to "William G. Slocum, Agent", as the lease provided. It was bound so to do, regardless of whether Slocum owned the fee, a fractional interest, a life estate, or had no interest. The covenant was binding on all, there being no illegality involved. The rental payable April 1, 1945, became due after the death of William G. Slocum.

Subsequent to the lease, Slocum by deeds acquired all the interests in the property, and on November 8, 1941, conveyed to Mathewson, but reserved to himself a life estate.

After the date when the 1944-1945 rental was payable (April 1, 1945), and after the death of Slocum, Mathewson confessed a judgment in ejectment against the Coal Company, averring a breach of the lease in failing to pay him the rental to April 1, 1945, and alleging that it was payable to, and due, him as the owner of the reversion and remainder upon the death of Slocum who was described as the life tenant. The court below, on petition of defendant, opened the judgment and the plaintiff appealed.

The lease explicitly provided what was to be done in the event of the death of the appointed agent, William G. Slocum: That the lessors "shall, in writing, appoint another agent to whom the said rental shall be paid . . ." Mathewson, claiming under the lessors, was bound to make the appointment of an agent on Slocum's death. The Coal Company, lessee, was bound to pay such appointed agent and him only. Mathewson was the only

person who could appoint the agent. While he could, of course, appoint himself, it still remains a fact that the lessee would have breached the lease had he paid rental to anyone except the person so appointed as agent.

Mathewson made no appointment, nor did he notify the lessee, orally or in writing, that the future accruals of rent should be paid to him. Instead, he stood upon the proposition that the Coal Company knew that he was the sole owner, subject to the life estate, and that upon the death of the life tenant he was entitled to the rentals. The lease does not so state, but on the contrary provides that the rentals are to be paid to the agent appointed in writing. This was a wise determination in a lease running for a considerable term of years, for it was impossible then to determine how the interests of the lessors might be split up fractionally, either by death or conveyance. The lessee is always interested in knowing to whom rentals should be paid in the event of a transfer of the lessor's interest. It had a right to stipulate therefor and to stand upon the covenant, and not to depend upon its own determination.

Since Mathewson, the person claiming under the original lessors, did not in writing appoint an agent to succeed Slocum, it follows that no breach by the lessee could be alleged because it failed to pay the rent to a person unnamed. In this particular type of lease the parties themselves predetermined the question of who shall receive the rentals in the event of death or conveyance, and are bound thereby.

The attempts of the lessee to pay the rent to the Administrator ad litem of William G. Slocum are of no importance. Such a payment neither caused nor prevented a breach of the lease. The life tenant having died prior to the time fixed for the payment of the rental, such rental would have been payable to the owner of the reversion, Mathewson, (*Johnston v. Smith,* 3 P. & W. 496) if, and only if, a different covenant had not been inserted.

The order of the court below is affirmed.